```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                              :
JOHN EDMOND, ET AL.
                              :

     v.                       :  Civil Action No. DKC 2005-2750

                              :
JUDY NIGH, ET AL.
                              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are the motion and amended motion "for a new trial" filed by Plaintiffs John Edmond and Pamela Lyles. (Papers 57 & 60). These motions will be construed as requesting reconsideration of this court's August 9, 2006 Order (paper 54), which dismissed or entered summary judgment against Plaintiffs on all counts of their complaint. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will deny Plaintiffs' motions.

**I. Background**

Plaintiffs, proceeding *pro se*, asserted claims for civil conspiracy, intentional infliction of emotional distress, RICO conspiracy, misprision of felony, civil rights violations, and violations of Maryland real property statutes governing eviction against Defendants Judy Nigh; Snowden Chase Realty, LLC (SCR); and Edward J. Maher.[1] (Paper 30). Plaintiffs' claims relate to

---

[1] This case was initially filed in the United States District Court for the District of Columbia, but was transferred to this
(continued...)

eviction proceedings brought by Defendants that culminated in the eviction of Plaintiffs in August 2004.  For the reasons set forth in an accompanying Memorandum Opinion (paper 53), this court's August 9, 2006 Order (paper 54) dismissed Plaintiffs' claims against Ms. Nigh and SCR for lack of service.  Plaintiffs' claims against Mr. Maher for RICO violations, violations of state real property statutes, misprision of felony, and civil rights violations were dismissed for failure to state a claim, and summary judgment was entered against Plaintiffs on their claims for civil conspiracy and intentional infliction of emotional distress. (Paper 54).  Plaintiffs presented no evidence to confront the motion for summary judgment and the court concluded that the evidence provided by Mr. Maher supported the entry of summary judgment.

Plaintiffs' motion and amended motion for a new trial both seek reconsideration of this court's dismissal of their claims and entry of summary judgment against Plaintiffs.  Plaintiffs argue that the court misinterpreted evidence submitted by Mr. Maher in support of his motion for summary judgment, which Plaintiffs contend supports their case.  Plaintiffs also submit a declaration by John Edmond, executed on September 11, 2006.  (Paper 59).  In this document, Mr. Edmond asserts only that he did not receive

---

[1](...continued)
court by the August 31, 2005 Order of Judge Richard J. Leon. (Paper 38).

2

certain documents in this case or the state court eviction proceeding, that he informed Mr. Maher of Ms. Lyles' bankruptcy petition, and that the damages Plaintiffs incurred exceed $465,000. (*Id.*).

Plaintiffs argue, based on unsworn allegations in the amended motion for reconsideration, that documents and certificates of service in the underlying state eviction proceeding were fraudulent or fabricated and amounted to obstruction of justice by Mr. Maher. They also argue that Defendants incorrectly asserted in the eviction proceeding that Ms. Lyles' bankruptcy petition had been dismissed and knowingly caused the bankruptcy automatic stay to be violated.  Plaintiffs also challenge the court's conclusions that Mr. Maher was not a state actor under their civil rights claims and that their civil conspiracy and intentional infliction of emotional distress claims were not supported by evidence sufficient to withstand summary judgment.   Finally, Plaintiffs argue that service upon SCR and Ms. Nigh was completed through service upon Mr. Maher, or, alternatively, that the court should allow Plaintiffs to complete service on Ms. Nigh and SCR at this time.

**II.  Analysis**

Plaintiffs' motions request reconsideration of the August 9, 2006 Order dismissing some of Plaintiffs' claims and granting summary judgement against Plaintiffs with respect to the remaining claims.  Such a motion could be construed as a motion to alter or

3

amend judgment under Fed.R.Civ.P. 59(e) or as a motion for relief from judgment under Fed.R.Civ.P. 60(b). Plaintiffs argue for reconsideration pursuant to Fed.R.Civ.P. 59, which requires that the motion for reconsideration be filed within 10 days of the challenged order, but provides a more lenient standard of review than a motion under Fed.R.Civ.P. 60(b). Plaintiffs' motion for a new trial (paper 57) was filed within ten days of the August 9, 2006 Order it challenges, but Plaintiffs' amended motion, which presents arguments that are broader in some respects than the original motion, was not filed until September 11, 2006, more than ten days after August 9, 2006. It is unnecessary to decide whether Plaintiffs' amended motion relates back to their earlier motion because Plaintiffs' motions do not meet the standards imposed by either Rule 59(e) or Rule 60(b).

**A.  Motion to Alter or Amend Judgment**

Fed.R.Civ.P. 59(e) authorizes a motion to alter or amend judgment and provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." "There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.

4

2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403; *see also Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n.1 (D.Md. 2001) ("A motion to reconsider is not a license to reargue the merits or present new evidence." (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)).

In their motion and amended motion for reconsideration, Plaintiffs do not allege that any legal standard relied upon in the August 9, 2006 Order has changed. The amended motion does present John Edmond's affidavit, but provides no explanation as to why the information it contains was unavailable before the court decided Defendants' motions. Therefore, consideration of this evidence would be inappropriate. *See United States ex rel. Becker*, 305 F.3d at 290; *Gray-Hopkins v. Prince George's County, Md.*, 201 F.Supp.2d 523, 524 (D.Md.) (holding that plaintiff who failed to meet burden of providing evidence sufficient to defeat summary judgment motion could not submit new evidence on a Rule 59(e) motion that could have been submitted in response to the summary judgment motion), *rev'd in part on other grounds*, 309 F.3d 224 (4th Cir. 2002).

Plaintiffs' arguments also fail to justify reconsideration "to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker*, 305 F.3d at 290.  Plaintiffs did not oppose Defendant Maher's motion for dismissal or summary judgment. They provide no excuse for their failure to oppose this motion, and no basis upon which the court could conclude that the arguments presented by their motions for reconsideration could not have been presented at that time.  Plaintiffs' motions improperly "raise arguments which could have been raised prior to the issuance of the judgment [and] argue [the] case under a novel legal theory that [they] had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.  Therefore, Plaintiffs' motions must be denied with respect to Plaintiffs' claims against Mr. Maher. Plaintiffs' arguments as to Ms. Nigh and SCR are also insufficient to justify relief under Rule 59(e), because the court considered and rejected Plaintiffs arguments that process was served on Mr. Maher as Ms. Nigh's attorney and that the improper service should be overlooked.  (Paper 53, at 4-5).  These conclusions are not clearly erroneous, and Plaintiffs merely reargue the merits of this point, which is not a proper use of a Rule 59 motion.  *See Royal Ins. Co. of Am.*, 142 F.Supp.2d at 677 n.1.

**B.  Motion for Relief from Judgment or Order**

Fed.R.Civ.P. 60(b) authorizes a motion for relief from a final judgment or order for one of a list of reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The remedy provided by Rule 60(b) is 'extraordinary and is only to be invoked up on a showing of exceptional circumstances.'" *Johnson v. Montminy*, 289 F.Supp.2d 705, 705 (D.Md. 2003) (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)), *aff'd*, 95 Fed. Appx. 18 (4th Cir. 2004) (unpublished disposition). Upon a motion under Rule 60(b) "[a]s a threshold matter the movant must demonstrate the existence of a meritorious claim or defense" and "[a] party seeking relief under subsection (3) of the rule must also prove the misconduct [such as fraud] complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Const. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981); *see also Smith v. Reddy*, 101 F.3d 351, 357 (4th Cir. 1996). "The rule 'does not authorize a motion merely for reconsideration of a legal issue,' . . . [or to advance] ' . . . new arguments or supporting facts which were otherwise

7

available for presentation when the original summary judgment motion was briefed.'" *Johnson*, 289 F.Supp.2d at 705 (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Plaintiffs allege that Mr. Maher committed fraud in filings related to the state court eviction proceeding, but such an allegation of fraud is insufficient to trigger relief under Rule 60(b) because Plaintiffs have offered no argument that the alleged fraud prevented them from presenting their claim. *See Square Const. Co.*, 657 F.2d at 71. Moreover, Plaintiffs present no exceptional circumstances that would justify relief under Fed.R.Civ.P. 60(b). Plaintiffs suggest no reason why their arguments for reconsideration could not have been presented at an earlier juncture. Therefore, Plaintiffs motions must be denied. *See Johnson*, 289 F.Supp.2d at 705-06.

## IV. Conclusion

For the foregoing reasons Plaintiffs' motion and amended motion seeking reconsideration will be denied. A separate Order will follow.

                                    /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge

8